NO. 07-05-0413-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 28, 2007
_____

AURELIO R. MARANDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY;

NO. 0954664D; HONORABLE EVERETT YOUNG, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

A jury convicted Aurelio Maranda of aggravated robbery and sentenced him to thirty years imprisonment. On appeal, he presents four issues contending the court erred in admitting evidence of extraneous bad acts and by admitting a knife allegedly used in the robbery. Finding the trial court did not abuse its discretion in admitting the challenged evidence, we will affirm.

## Background

Appellant regularly attempted to purchase Valucraft automobile carburetor cleaner ("Valucraft") at an AutoZone automotive parts store in Fort Worth. Because of Valucraft's potential use as an inhaled intoxicant, the store maintained a policy requiring purchasers present identification at the time of purchase.

On the day of his arrest, appellant returned to the AutoZone store. Assistant manager Juan Galeazzi observed appellant leave the store with two cans of Valucraft in his pockets. Appellant had not paid for the cans of Valucraft. Galeazzi followed appellant outside the store where Galeazzi questioned him. Appellant cursed, exhibited the blade of a pocket knife, and threatened to kill Galeazzi. Store manager Ray Perez and employee Richard Cantu also were present. After threatening Galeazzi, appellant threw two dollars at him and ran from the scene. The AutoZone retail price of Valucraft was $1.29 per can. AutoZone employees gave chase but appellant escaped as a passenger in an awaiting SUV. Cantu obtained the vehicle's license number, which another employee reported to police by cell phone.

Fort Worth Police Officer Mark Russell responded to the call and interviewed Galeazzi about the offense. About two hours later, Fort Worth Police Officer Robert Greer, on routine patrol, detained appellant along with another adult and a juvenile on suspicion of public intoxication by inhaling a chemical. A pat-down search of appellant by Greer produced a pocket knife. Because the juvenile and adult suspects required police processing at different locations, Greer called for assistance and Russell responded. On

2

arrival, Russell noticed appellant fit the description of the perpetrator of the AutoZone robbery. Accordingly, he transported appellant and the knife back to the AutoZone store where Galeazzi identified appellant as the perpetrator and the knife as the instrument with which appellant threatened him.

Appellant was indicted and tried for aggravated robbery, enhanced by a prior felony conviction. A jury found him guilty of the charged offense and assessed punishment at thirty years in the Texas Department of Corrections Institutional Division with a fine of $1,000. Appellant timely appealed.

## Discussion

Issues

Appellant presents four issues on appeal, asking: (1) whether the trial court abused its discretion by admitting "extraneous bad act evidence that two hours after the alleged robbery the [a]ppellant was arrested for public intoxication caused by inhaling carburetor cleaner"; (2) whether the "trial court abused its discretion by admitting evidence about store policy for selling carburetor cleaner because it was used illegally as an intoxicant"; (3) whether the trial court "erred by allowing the hearsay statement that the complainant recognized a knife shown by a police officer as the actual weapon that was used"; and (4) whether "the trial court abused its discretion by admitting a knife that was not authenticated."

Issues 1 and 2: Rules 404(b), 401, and 403

In his first issue appellant contends the court erroneously admitted evidence of appellant's extraneous conduct. By his second issue he asserts harm from admission of the AutoZone rationale for requiring identification to purchase Valucraft.[1] Appellant's brief discusses issues one and two together, and we will likewise address them jointly.

*Relevance of Subsequent Conduct and Events*

We first turn to the admissibility of evidence of events subsequent to the robbery and the store's identification policy.

We review the trial court's evidentiary rulings under an abuse of discretion standard meaning we will uphold the trial court's decision if it is within "the zone of reasonable disagreement." *Montgomery v. State,* 810 S.W.2d 372, 390-91 (Tex.Crim.App. 1990) (op. on reh'g).

The general rule is that evidence of other crimes, wrongs, or acts is inadmissible to prove a person's character, but evidence of other crimes, wrongs, or acts is admissible for

---

[1] At a hearing outside the presence of the jury, in the course of objecting to Galeazzi testifying about the use of Valucraft as an inhaled intoxicant, appellant's counsel stated he did not oppose Galeazzi testifying about the store's policy for purchasing Valucraft. The State argues that, by this statement, appellant forfeited the complaint urged in his second issue. We disagree. The statement in question was couched within an objection to Galeazzi testifying about matters of which he lacked personal knowledge. The objection followed questioning of Galeazzi about the unlawful use of Valucraft as an inhaled intoxicant. Appellant complained not merely of the store's policy in evidence, but of the policy as the means of admitting evidence of the improper use of Valucraft as an inhaled intoxicant.

other purposes, such as to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Tex. R. Evid. 404(b).

In the face of a Rule 404(b) objection, the proponent of the evidence must persuade the trial court that the evidence has relevance apart from character conformity; that is, it tends to establish some elemental fact, such as intent; that it tends to establish some evidentiary fact, such as motive, opportunity, or preparation leading inferentially to an elemental fact; or that it rebuts a defensive theory by showing the absence of mistake or accident. *Montgomery v. State,* 810 S.W.2d 372, 387-88 (Tex.Crim.App. 1990). Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Tex. R. Evid. 401. Relevant evidence is presumed admissible. *Erazo v. State,* 144 S.W.3d 487, 499 (Tex.Crim.App. 2004).

Greer detained appellant and two others for suspicion of public intoxication about two hours after the AutoZone robbery at a location approximately one mile from the robbery site. The detainees smelled of a chemical and appeared intoxicated to the officer. Greer noticed a can of carburetor cleaner nearby. One of the detainees told Greer the soft drink bottle they used as an inhaler contained carburetor cleaner. The officer testified that people inhale carburetor cleaner to become intoxicated and such inhaling or "huffing" is addictive. Also according to the testimony, the AutoZone store maintained a policy requiring those purchasing Valucraft to prove an age of at least eighteen by proper identification.

5

The State contends this evidence allowed it to prove motive under a fact pattern that might otherwise create confusion for the jury. That is, why would a person commit aggravated robbery to obtain two cans of carburetor cleaner collectively valued at less than three dollars? The State's argument that a party's appetite for an addictive substance is evidence of motive for an offense is not of first impression. In *Ladd v. State,* 3 S.W.3d 547, 568 (Tex.Crim.App. 1999) the court found no abuse of discretion in admitting evidence that the accused used cocaine on the night of a murder because the trial court could reasonably have concluded that this conduct was evidence of the accused's motive for murder, that is, to obtain money for cocaine. *Id.*

In the present matter, we find appellant's use of an inhaled intoxicant, two hours after the AutoZone robbery, relevant to motive. Facts such as his previous unsuccessful attempts to purchase Valucraft and his failure to pay for the product on this occasion even though he possessed sufficient funds to buy at least one can support an inference that appellant was motivated to acquire the product from Autozone by criminal means because he knew he would be unable to buy it.[2] Evidence that he engaged in "huffing" carburetor cleaner shortly after the robbery further served to explain appellant's willingness to commit aggravated robbery for an item possessing such small monetary value. The jury could have inferred that he was motivated to perform such an extreme act for the sake of becoming intoxicated.

---

[2] Galeazzi testified to the store's refusal to sell Valucraft to appellant in the past, and testified to the store's policy requiring identification for its purchase. His testimony does not make clear whether the store had refused to sell Valucraft to appellant because he lacked identification or for other reasons.

Further, through cross-examination of the State's witnesses appellant interjected the theory that he attempted to purchase one can of carburetor cleaner and tendered more than the purchase price which Galeazzi refused. In light of Galeazzi's testimony of the store's efforts to avoid sale of Valucraft for use as an inhalant, evidence of appellant's intended use of the carburetor cleaner was relevant as rebuttal of his effort to characterize his actions as a legitimate attempt to purchase the product.

From our discussion of the robbery and the events following, we find the evidence in question was relevant as same transaction contextual evidence. Extraneous offenses may be admissible as same transaction contextual evidence when "several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction." *Prible v. State,* 175 S.W.3d 724, 731-32 (Tex.Crim.App 2005), *cert. denied,* 546 U.S. 962, 126 S. Ct. 481, 163 L. Ed. 2d 367 (2005) (*quoting Rogers v. State,* 853 S.W.2d 29, 33 (Tex.Crim.App. 1993)). This type of evidence results when an extraneous matter is so intertwined with the State's proof of the charged crime that avoiding reference to it would make the State's case difficult to understand or incomplete. *Prible,* 175 S.W.3d 732. Under such circumstances, "the jury is entitled to know all relevant surrounding facts and circumstances of the charged offense; an offense is not tried in a vacuum." *Moreno v. State,* 721 S.W.2d 295, 301 (Tex.Crim.App. 1986).

Here, the State's case would have become disjointed had its presentation been limited to the circumstances immediately surrounding the robbery or had the connection

7

between appellant's subsequent activities and the carburetor cleaner taken in the AutoZone robbery been redacted from Russell's testimony.

We conclude the trial court, without an abuse of its discretion, could have found the evidence of events following the robbery that culminated in appellant's arrest and identification, relevant to motive, as rebuttal proof, or contextual transactional proof.

*Rule 403: Is Relevant Evidence Nevertheless Inadmissible?*

In evaluating Rule 403 issues, courts begin with the presumption the probative value is not substantially outweighed by other factors. Tex. R. Evid. 403; *Williams v. State,* 958 S.W.2d 186, 196 (Tex.Crim.App. 1997).

The Court of Criminal Appeals has identified four factors a court should consider in performing the balancing examination Rule 403 requires. They are (1) the probative value of the evidence; (2) the potential the other offense evidence has to impress the jury in some irrational but nevertheless indelible way; (3) the time the proponent needed to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; (4) the proponent's need for the evidence. *Erazo v. State,* 144 S.W.3d 487, 489 (Tex.Crim.App. 2004) (*citing Montgomery*, 810 S.W.2d at 389-90).

The evidence of appellant's activity during the two hours following the AutoZone robbery, we have concluded, was relevant to his motive for aggravated robbery, to rebut his defense of a legitimate transaction, or as same transaction, contextual evidence. While the evidence appellant inhaled carburetor cleaner for intoxication is relevant on these

8

grounds we find little if any likelihood that it impressed the jury in an irrational but indelible way. In other words, a reasonable juror would not have been persuaded to wrongly convict appellant for aggravated robbery based on evidence of his inhaling a chemical, a Class B misdemeanor. Tex. Health & Safety Code Ann. § 485.031 (Vernon 2003). About ten percent of the reporter's record concerns the State's development of inhaling and appellant's conduct following the robbery. This presentation consumed a minimal amount of trial time and could not have significantly distracted the jury, particularly given the notable intertwining of facts surrounding the robbery and appellant's subsequent conduct. Finally, and as noted, the State needed evidence of appellant's subsequent activity to bring cohesion to what would otherwise have been an incomplete and likely confusing factual narrative.

Finding no abuse of discretion in the admission of the evidence, we overrule appellant's first and second issues.

Issue 3: Proof of the Robbery Weapon

By his third issue, appellant contends the trial court allowed a hearsay statement to prove the knife offered at trial was the weapon used to threaten Galeazzi in the robbery.

The essence of appellant's hearsay complaint is that Russell was allowed to testify that when he returned to the AutoZone store Galeazzi identified the knife Russell received from Greer as the offense weapon. The State counters that the statement comes within the excited utterance exception to the hearsay rule, Tex. R. Evid. 803(2), or appellant forfeited a hearsay objection when he elicited the same testimony on cross-examination.

9

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tex. R. Evid. 801(d). The admissibility of hearsay evidence is a question for the trial court to resolve and we review its determination under an abuse of discretion standard. *Coffin v. State,* 885 S.W.2d 140, 149 (Tex.Crim.App. 1994). Improper admission of evidence does not constitute reversible error if the same facts are proved by other, properly admitted evidence. *Anderson v. State,* 717 S.W.2d 622, 628 (Tex.Crim.App. 1986).

We initially review the other trial testimony regarding the knife. Galeazzi testified that during the robbery appellant pointed an open knife at him and said he would kill him. Appellant fled the scene but was detained a couple of hours later by Greer on suspicion of public intoxication. Greer's search of appellant produced a pocket knife, which he placed on the hood of his patrol car. Russell responded to Greer's request for assistance with appellant and the other public intoxication suspects. Believing appellant fit the description of the suspect in the AutoZone robbery, Russell transported appellant and the knife left on the hood of Greer's patrol car back to the AutoZone store. Galeazzi testified that after he identified appellant in the patrol car as the robbery perpetrator, the officer, that is, Russell, showed him a knife. Galeazzi further testified that this was the same knife appellant used to threaten him. Russell testified that he retained custody of the knife he collected, placed his initials and identification number on it, and delivered it to the police department property room. The evidence was "booked in" later that day. Russell brought the envelope from the property room containing the knife to trial for his testimony and admission. According to Russell, the knife he produced at trial was the one he collected

10

on the date of the AutoZone robbery. On the morning of trial, Greer also recognized the knife in question.

It is axiomatic that Russell's testimony of what Galeazzi told him about the knife was hearsay. But it is unnecessary to consider whether the statement comes within the excited utterance exception to the hearsay rule or whether appellant forfeited the hearsay objection by eliciting the same testimony on cross-examination. As demonstrated by the facts we have recited, the knife offered at trial was identified as the offense weapon through other testimony of Russell and Galeazzi without objection. The error, if any, of the trial court in allowing the challenged testimony of Russell was harmless. *See Brooks v. State,* 990 S.W.2d 278, 287 (Tex.Crim.App. 1999) (any error in the admission of hearsay testimony was harmless in light of other properly admitted evidence proving same fact).

We overrule appellant's third issue.

Issue 4: Authentication of the Robbery Weapon

In his fourth issue, appellant claims the knife the State offered at trial was erroneously admitted because it was not authenticated as the knife used for commission of the offense. Based on appellant's trial objection we interpret his complaint to be that a link in the chain of custody authenticating the knife is missing because Russell offered hearsay testimony that Galeazzi identified the robbery weapon.

Authentication of physical evidence requires identification by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Tex. R. Evid.

901(a). Rule 901 requires only a showing satisfying the trial court that the matter in question is what its proponent claims. *Silva v. State,* 989 S.W.2d 64, 67-8 (Tex.App.–San Antonio 1998, pet. ref'd). Evidence should be admitted if the trial court finds that a reasonable juror could find that the evidence was authenticated. *Pondexter v. State,* 942 S.W.2d 577, 586 (Tex.Crim.App. 1996). Proof of the beginning and end of the chain of custody will support admission of an object barring any evidence of tampering or alteration. *Stoker v. State,* 788 S.W.2d 1, 10 (Tex.Crim.App. 1989), *cert. denied,* 498 U.S. 951, 111 S. Ct. 371, 112 L. Ed. 2d 333 (1990). Without evidence of tampering, most questions concerning care and custody of an item go to the weight attached, not the admissibility, of the evidence. *Lagrone v. State*, 942 S.W.2d 602, 617 (Tex.Crim.App. 1997) (addressing custody of controlled substance). The trial court has discretion to determine the sufficiency of an evidentiary predicate. *Smith v. State,* 683 S.W.2d 393, 405 (Tex.Crim.App. 1984). Once the proponent of evidence meets the threshold requirement of presenting testimony that the evidence is what the proponent says it is, the weight given the evidence and related testimony is within the province of the trier of fact. *See Davis v. State,* 922 S.W.2d 8, 11-12 (Tex.App.–Houston [1st Dist.] 1996, no pet.) .

Here, direct testimony established that Russell returned to the AutoZone store with the knife Greer found in appellant's possession. At the store, Galeazzi positively identified the knife as the weapon with which appellant threatened him. On cross-examination by appellant, Russell agreed that when he returned the knife to the AutoZone store Galeazzi was the only person able to identify it. Russell maintained custody of the knife until later that day when he tagged it and booked it into the evidence room. There it remained in an

12

envelope until the morning of trial.  Greer also recognized the knife.  Under such facts, the court did not abuse its discretion by admitting the knife as the offense weapon.

We overrule appellant's fourth issue.

Conclusion

Having overruled appellant's four issues, we affirm the judgment of the trial court.


James T. Campbell
Justice


Publish.