NO. 07-08-0489-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 11, 2009
______________________________

GINA MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 58,385-E; HONORABLE ABE LOPEZ, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant, Gina Martinez, was convicted of harassment of a public servant


 and
sentenced to four years confinement in the Institutional Division of the Texas Department
of Criminal Justice (ID-TDCJ) and a fine of $2500. Through two issues, appellant contends
that the trial court committed reversible error in: 1) admitting extraneous offense testimony
in contravention to Texas Rule of Evidence 404(b)


 and, 2) finding that the probative value
of the evidence admitted was not outweighed by the undue prejudice of that evidence
under Rule 403. We disagree and affirm the judgment of the trial court.
Factual and Procedural Background
Â Â Â Â Â Â Â Â Â Â On August 7, 2008, Amarillo police officers were dispatched to an address on North
Polk to investigate a report of criminal mischief being committed by a female breaking
windows in an apartment complex. Officer Slatten was the first officer to arrive on the
scene. He observed a female, later identified as appellant, standing between two of the
apartment buildings, who matched the general description he had been given. When
Slatten saw appellant, he approached and ask her to identify herself. As Slatten was
attempting to identify appellant, witnesses started advising him that she was the person he
was looking for and that she might be armed. Upon receiving this information, Slatten
decided to detain appellant, put hand restraints on her, and place her in the back of his
patrol car while he continued the investigation. 
Â Â Â Â Â Â Â Â Â Â After conducting some additional investigation, Slatten returned to his patrol car to
advise appellant that she was being arrested for criminal mischief. Appellant became irate
and belligerent upon hearing this information. At that time, appellant began cursing loudly
and banging her head on the patrol car windows. Slatten was attempting to transfer
appellant to another patrol car for transportation, when he noticed she had slipped her
hand restraints off. After placing her in the second patrol car, the officers noticed she was
kicking the windows of the patrol car. At this time, they decided to place appellant in leg
restraints. While Slatten was attempting to place her in leg restraints, appellant attempted
to bite him several times. Based upon this action, a decision was made to place a âRed
Man helmetâ on appellantâs head. Slatten testified that this was done to make it more
difficult for appellant to try and bite someone. Slatten testified that after he placed the
helmet on appellant, he was leaning over appellant in an attempt to get her secured in the
rear seat of the patrol car when she spat at him, hitting him in the left eye. Slatten further
testified that, immediately after spitting on him, appellant made a statement to the effect
that she had AIDS. 
Â Â Â Â Â Â Â Â Â Â At the trial, when Slatten was asked why he had been dispatched to the apartment 
complex, appellantâs trial counsel objected stating, âHeâs going to get into why they showed
up, Your Honor, which goes to propensity to commit other crimes, wrongs or acts . . . .â
Appellantâs counsel further objected that the proposed evidence was more prejudicial than
probative and lacked relevance. The trial court overruled the objections. Based upon the
trial courtâs rulings to these objections, appellant has appealed the judgment of the trial
court.
Standard of Review
Â Â Â Â Â Â Â Â Â Â We review a trial court's decision regarding the admissibility of evidence under an
abuse of discretion standard. See Cameron v. State, 241 S.W.3d 15, 19 (Tex.Crim.App.
2007). Because trial courts are in the best position to decide questions of admissibility,
appellate courts will uphold a trial court's admissibility decision when that decision is within
the zone of reasonable disagreement. Id. An appellate court may not reverse a trial
court's decision regarding the admissibility of evidence solely because the appellate court
disagrees with the decision. Id. 
Rule 404(b)
Â Â Â Â Â Â Â Â Â Â Appellantâs first issue contends that the trial courtâs decision to allow Slatten to
testify why he was initially dispatched to the scene, violated Rule 404(b) by allowing
evidence of extraneous offenses before the jury. Initially, we observe that, according to the
rules of evidence, evidence of other crimes, wrongs, or acts that do not have relevance
apart from character conformity is inadmissible. See Rule 404(b). However, evidence of
extraneous offenses is admissible if it is relevant to a fact of consequence apart from the
tendency to show conduct in conformity with character. See Casey v. State, 215 S.W.3d
870, 879 (Tex.Crim.App. 2007). As the rule itself notes, evidence of other crimes, wrongs
or acts are admissible for other purposes, such as, to prove motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident. See Rule
404(b). Separate and apart from the exceptions noted in Rule 404(b), âextraneous
offenses may be admissible as same transaction contextual evidence when âseveral crimes
are intermixed, or blended with one another, or connected so that they form an indivisible
criminal transaction.ââ See Maranda v. State, 253 S.W.3d 762, 767-68 (Tex.App.âAmarillo
2007, pet. dismâd) (quoting Prible v. State, 175 S.W.3d 724, 731-32 (Tex.Crim.App. 2005)). 
When this type of evidence is present, avoiding reference to it would make the Stateâs case
difficult to understand or incomplete. Id. at 768. Under these circumstances, the jury is
entitled to receive all the relevant surrounding facts for an offense is not tried in a vacuum. 
Id. (citing Moreno v. State, 721 S.W.2d 295, 301 (Tex.Crim.App. 1986)). 
Â Â Â Â Â Â Â Â Â Â The evidence in the case before the Court reveals that Slatten did not just happen
onto appellant out of the clear blue. A call to the police was made and Slatten was, in turn,
dispatched to take the call. To place the activities of the day in context, the State was
entitled to show why the officer was present on the scene. Further, the officer had to have
a reason to detain appellant during his initial investigation. All of the alleged extraneous
offenses that appellant complains of were part of the context of the officerâs contact with
appellant and intertwined with that initial contact. As such, these extraneous offenses were
admissible as an exception to Rule 404(b). Id. Therefore, the trial court did not abuse its
discretion in overruling appellantâs objection. Cameron, 241 S.W.3d at 19. Accordingly,
we overrule appellantâs first issue.
Rule 403
Â Â Â Â Â Â Â Â Â Â Appellant next contends that even if this evidence of extraneous offenses were
admissible, the probative value is outweighed by the undue prejudice caused by its
admission. When evaluating Rule 403 issues, we begin with the presumption that the
probative value is not substantially outweighed by other factors. See Gallo v. State, 239
S.W.3d 757, 762 (Tex.Crim.App. 2007). In conducting the balancing test regarding
admissibility, the trial court must balance 1) the inherent probative force of the proffered
item of evidence along with 2) the proponentâs need for that evidence against 3) any
tendency of the evidence to suggest decision on an improper basis, 4) any tendency of the
evidence to confuse or distract the jury from the main issue, 5) any tendency of the
evidence to be given undue weight by a jury that has not been equipped to evaluate the
probative force of the evidence, and 6) the likelihood that presentation of the evidence will
consume an inordinate amount of time or repeat evidence already admitted. See Casey,
215 S.W.3d at 880.
Â Â Â Â Â Â Â Â Â Â Appellantâs initial complaint about the trial courtâs ruling under Rule 403 is that the
trial court did not even conduct a balancing test. Apparently, according to appellant,
because the record does not reflect that the trial court said something on the record about
a balancing test before overruling the objection, then the trial court must not have
conducted such a test. However, as the State points out, when the trial court overruled the
objection it necessarily conducted the required balancing test. See Yates v. State, 941
S.W.2d 357, 367 (Tex.App.âWaco 1997, pet. refâd). 
Â Â Â Â Â Â Â Â Â Â As to the question of the balancing test, our review of the record reveals that the
evidence in issue, while only slightly probative of the offense that appellant was indicted
for, was needed by the State to put the actions of the police officer in proper context for the
jury. The amount of time expended in providing this information was minimal as reflected
by the fact that the objected to testimony took only two lines of testimony. There is nothing
in the record to suggest that the jury took this evidence and made a decision on an
improper basis, such as emotional. Likewise, this testimony did not confuse the jury nor
distract them from the main issue. All in all, the probative value of the evidence was not
substantially outweighed by the undue prejudicial impact of the evidence. Id. Therefore,
the trial court did not abuse its discretion by admitting the testimony of Slatten that
appellant objected to. Cameron, 241 S.W.3d at 19. Accordingly, appellantâs second issue
is overruled.
Conclusion
Â Â Â Â Â Â Â Â Â Â Having overruled appellantâs issues, the judgment of the trial court is affirmed. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Mackey K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice





Â 

Do not publishÂ Â Â Â Â Â Â Â Â 



w-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:6;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 mso-bidi-language:EN-US;
 font-weight:normal;
 font-style:italic;}
p.MsoHeading7, li.MsoHeading7, div.MsoHeading7
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 7 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:7;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoHeading8, li.MsoHeading8, div.MsoHeading8
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 8 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:8;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 mso-bidi-language:EN-US;}
p.MsoHeading9, li.MsoHeading9, div.MsoHeading9
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 9 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:9;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoHeader, li.MsoHeader, div.MsoHeader
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Header Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoFooter, li.MsoFooter, div.MsoFooter
 {mso-style-priority:99;
 mso-style-link:"Footer Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoCaption, li.MsoCaption, div.MsoCaption
 {mso-style-noshow:yes;
 mso-style-priority:35;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 mso-pagination:widow-orphan;
 font-size:9.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-weight:bold;}
p.MsoTitle, li.MsoTitle, div.MsoTitle
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:15.0pt;
 margin-left:0in;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpFirst, li.MsoTitleCxSpFirst, div.MsoTitleCxSpFirst
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpMiddle, li.MsoTitleCxSpMiddle, div.MsoTitleCxSpMiddle
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpLast, li.MsoTitleCxSpLast, div.MsoTitleCxSpLast
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:15.0pt;
 margin-left:0in;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoSubtitle, li.MsoSubtitle, div.MsoSubtitle
 {mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Subtitle Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 mso-bidi-language:EN-US;
 font-style:italic;}
a:visited, span.MsoHyperlinkFollowed
 {mso-style-noshow:yes;
 mso-style-priority:99;
 color:purple;
 mso-themecolor:followedhyperlink;
 text-decoration:underline;
 text-underline:single;}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoNoSpacing, li.MsoNoSpacing, div.MsoNoSpacing
 {mso-style-priority:1;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraph, li.MsoListParagraph, div.MsoListParagraph
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:.5in;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpFirst, li.MsoListParagraphCxSpFirst, div.MsoListParagraphCxSpFirst
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpMiddle, li.MsoListParagraphCxSpMiddle, div.MsoListParagraphCxSpMiddle
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpLast, li.MsoListParagraphCxSpLast, div.MsoListParagraphCxSpLast
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:.5in;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoQuote, li.MsoQuote, div.MsoQuote
 {mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Quote Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:black;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoIntenseQuote, li.MsoIntenseQuote, div.MsoIntenseQuote
 {mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Intense Quote Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:.65in;
 margin-bottom:14.0pt;
 margin-left:.65in;
 line-height:115%;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD .5pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleEmphasis
 {mso-style-priority:19;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:gray;
 font-style:italic;}
span.MsoIntenseEmphasis
 {mso-style-priority:21;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleReference
 {mso-style-priority:31;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 text-decoration:underline;
 text-underline:single;}
span.MsoIntenseReference
 {mso-style-priority:32;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 letter-spacing:.25pt;
 font-weight:bold;
 text-decoration:underline;
 text-underline:single;}
span.MsoBookTitle
 {mso-style-priority:33;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 letter-spacing:.25pt;
 font-weight:bold;}
p.MsoTocHeading, li.MsoTocHeading, div.MsoTocHeading
 {mso-style-noshow:yes;
 mso-style-priority:39;
 mso-style-qformat:yes;
 mso-style-parent:"Heading 1";
 mso-style-next:Normal;
 margin-top:24.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 mso-bidi-language:EN-US;
 font-weight:bold;}
span.Heading1Char
 {mso-style-name:"Heading 1 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 1";
 mso-ansi-font-size:14.0pt;
 mso-bidi-font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 font-weight:bold;}
span.Heading2Char
 {mso-style-name:"Heading 2 Char";
 mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 2";
 mso-ansi-font-size:13.0pt;
 mso-bidi-font-size:13.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading3Char
 {mso-style-name:"Heading 3 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 3";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading4Char
 {mso-style-name:"Heading 4 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 4";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.Heading5Char
 {mso-style-name:"Heading 5 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 5";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;}
span.Heading6Char
 {mso-style-name:"Heading 6 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 6";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 font-style:italic;}
span.Heading7Char
 {mso-style-name:"Heading 7 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 7";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.Heading8Char
 {mso-style-name:"Heading 8 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 8";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;}
span.Heading9Char
 {mso-style-name:"Heading 9 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 9";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.TitleChar
 {mso-style-name:"Title Char";
 mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Title;
 mso-ansi-font-size:26.0pt;
 mso-bidi-font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;}
span.SubtitleChar
 {mso-style-name:"Subtitle Char";
 mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Subtitle;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 font-style:italic;}
span.QuoteChar
 {mso-style-name:"Quote Char";
 mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Quote;
 color:black;
 font-style:italic;}
span.IntenseQuoteChar
 {mso-style-name:"Intense Quote Char";
 mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Intense Quote";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
p.NewDocument, li.NewDocument, div.NewDocument
 {mso-style-name:"New Document";
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 mso-bidi-font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:10.0pt;
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-10-0423.cr\(2\)%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-10-0423.cr\(2\)%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-10-0423.cr\(2\)%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-10-0423.cr\(2\)%20opinion_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-page-numbers:1;
 mso-title-page:yes;
 mso-footer:url("07-10-0423.cr\(2\)%20opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
@page WordSection2
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-10-0423.cr\(2\)%20opinion_files/header.htm") f2;
 mso-paper-source:0;}
div.WordSection2
 {page:WordSection2;}
-->








NO. 07-10-00423-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL A

Â 



JANUARY
25, 2011

Â 



Â 

RAMONE COLEMAN, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE COUNTY CRIMINAL COURT NO.
9 OF TARRANT COUNTY;

Â 

NO. 1163456; HONORABLE BRENT A CARR, JUDGE



Â 



Â 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

Â 

Â 

ORDER OF ABATEMENT AND REMAND

Appellant,
Ramone Coleman, filed a notice of appeal from his
conviction for driving while intoxicated, and sentence of 240 days
incarceration in the Tarrant County Jail and $600 fine.Â  The sentence was suspended and appellant was
placed on community supervision for a period of two years.Â  The appellate court clerk received and filed
the trial court clerk=s record on November 4, 2010.Â  The trial court reporter=s record was received on November
15.Â  On December 6, this Court received a
motion to withdraw from appellantÂs retained trial counsel.Â  This motion was granted by order dated January
3, 2011.Â  By letter dated January 4, the
Court notified appellant that his appellate brief had been due on or before
December 15, 2010, and that, pursuant to Texas Rule of Appellate Procedure
38.8, failure to file his brief by January 14, may result in the appeal being
abated and remanded without further notice.Â 
As of the date of this order, appellant has failed to file his brief or
a motion for extension of time to file his brief.

Accordingly,
we now abate this appeal and remand the cause to the trial court.Â  See Tex.
R. App. P. 38.8(b)(2).Â  Upon remand, the judge of the trial court is
directed to immediately cause notice to be given of and to conduct a hearing to
determine: (1) whether appellant desires to prosecute this appeal; (2) if
appellant desires to prosecute this appeal, whether appellant is indigent and
whether appellant desires that counsel be appointed to represent him on the
appeal; and (3) what orders, if any, should be entered to assure the filing of
appropriate notices and documentation to dismiss appellant=s appeal if appellant does not desire
to prosecute this appeal or, if appellant desires to prosecute this appeal, to
assure that the appeal will be diligently pursued.Â  If the trial court appoints counsel for
appellant or if appellant retains counsel, the court should cause the Clerk of
this Court to be furnished the name, address, and State Bar of Texas
identification number of the newly-appointed or newly-retained attorney.Â  

The
trial court is directed to: (1) conduct any necessary hearings; (2) make and
file appropriate findings of fact, conclusions of law, and recommendations and
cause them to be included in a supplemental clerk=s record; (3) cause the hearing proceedings to be transcribed
and included in a supplemental reporter=s record; (4) have a record of the proceedings made to the
extent any of the proceedings are not included in the supplemental clerk=s record or the supplemental reporter=s record; and (5) cause the records
of the proceedings to be sent to this Court.Â 
See Tex. R. App. P. 38.8(b)(3).Â  In the absence
of a request for extension of time from the trial court, the supplemental clerk=s record, supplemental reporter=s record, and any additional
proceeding records, including any orders, findings, conclusions, and
recommendations, are to be sent so as to be received by the Clerk of this Court
not later than February 21, 2011. Â Â Â Â Â Â  

Â 

Per Curiam

Do not publish.

Â 

Â Â Â Â Â Â Â Â Â Â Â  








Â