NO. 07-08-0489-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 11, 2009
_____

GINA MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 58,385-E; HONORABLE ABE LOPEZ, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Gina Martinez, was convicted of harassment of a public servant[1] and sentenced to four years confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) and a fine of $2500. Through two issues, appellant contends that the trial court committed reversible error in: 1) admitting extraneous offense testimony in contravention to Texas Rule of Evidence 404(b)[2] and, 2) finding that the probative value

---

[1] See TEXAS PENAL CODE ANN. § 22.11(a)(2) (Vernon Supp. 2008).

[2] Further reference to the Texas Rules of Evidence will be by reference to "Rule ___".

of the evidence admitted was not outweighed by the undue prejudice of that evidence under Rule 403. We disagree and affirm the judgment of the trial court.

Factual and Procedural Background

On August 7, 2008, Amarillo police officers were dispatched to an address on North Polk to investigate a report of criminal mischief being committed by a female breaking windows in an apartment complex. Officer Slatten was the first officer to arrive on the scene. He observed a female, later identified as appellant, standing between two of the apartment buildings, who matched the general description he had been given. When Slatten saw appellant, he approached and ask her to identify herself. As Slatten was attempting to identify appellant, witnesses started advising him that she was the person he was looking for and that she might be armed. Upon receiving this information, Slatten decided to detain appellant, put hand restraints on her, and place her in the back of his patrol car while he continued the investigation.

After conducting some additional investigation, Slatten returned to his patrol car to advise appellant that she was being arrested for criminal mischief. Appellant became irate and belligerent upon hearing this information. At that time, appellant began cursing loudly and banging her head on the patrol car windows. Slatten was attempting to transfer appellant to another patrol car for transportation, when he noticed she had slipped her hand restraints off. After placing her in the second patrol car, the officers noticed she was kicking the windows of the patrol car. At this time, they decided to place appellant in leg restraints. While Slatten was attempting to place her in leg restraints, appellant attempted

2

to bite him several times. Based upon this action, a decision was made to place a "Red Man helmet" on appellant's head. Slatten testified that this was done to make it more difficult for appellant to try and bite someone. Slatten testified that after he placed the helmet on appellant, he was leaning over appellant in an attempt to get her secured in the rear seat of the patrol car when she spat at him, hitting him in the left eye. Slatten further testified that, immediately after spitting on him, appellant made a statement to the effect that she had AIDS.

At the trial, when Slatten was asked why he had been dispatched to the apartment complex, appellant's trial counsel objected stating, "He's going to get into why they showed up, Your Honor, which goes to propensity to commit other crimes, wrongs or acts . . . ." Appellant's counsel further objected that the proposed evidence was more prejudicial than probative and lacked relevance. The trial court overruled the objections. Based upon the trial court's rulings to these objections, appellant has appealed the judgment of the trial court.

Standard of Review

We review a trial court's decision regarding the admissibility of evidence under an abuse of discretion standard. See Cameron v. State, 241 S.W.3d 15, 19 (Tex.Crim.App. 2007). Because trial courts are in the best position to decide questions of admissibility, appellate courts will uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement. Id. An appellate court may not reverse a trial

3

court's decision regarding the admissibility of evidence solely because the appellate court disagrees with the decision.  Id.

Rule 404(b)

Appellant's first issue contends that the trial court's decision to allow Slatten to testify why he was initially dispatched to the scene, violated Rule 404(b) by allowing evidence of extraneous offenses before the jury.  Initially, we observe that, according to the rules of evidence, evidence of other crimes, wrongs, or acts that do not have relevance apart from character conformity is inadmissible.  See Rule 404(b).  However, evidence of extraneous offenses is admissible if it is relevant to a fact of consequence apart from the tendency to show conduct in conformity with character.  See Casey v. State, 215 S.W.3d 870, 879 (Tex.Crim.App. 2007). As the rule itself notes, evidence of other crimes, wrongs or acts are admissible for other purposes, such as, to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  See Rule 404(b).  Separate and apart from the exceptions noted in Rule 404(b), "extraneous offenses may be admissible as same transaction contextual evidence when 'several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction.'" See Maranda v. State, 253 S.W.3d 762, 767-68 (Tex.App.–Amarillo 2007, pet. dism'd) (quoting Prible v. State, 175 S.W.3d 724, 731-32 (Tex.Crim.App. 2005)). When this type of evidence is present, avoiding reference to it would make the State's case difficult to understand or incomplete. Id. at 768.  Under these circumstances, the jury is entitled to receive all the relevant surrounding facts for an offense is not tried in a vacuum. Id. (citing Moreno v. State, 721 S.W.2d 295, 301 (Tex.Crim.App. 1986)).

4

The evidence in the case before the Court reveals that Slatten did not just happen onto appellant out of the clear blue. A call to the police was made and Slatten was, in turn, dispatched to take the call. To place the activities of the day in context, the State was entitled to show why the officer was present on the scene. Further, the officer had to have a reason to detain appellant during his initial investigation. All of the alleged extraneous offenses that appellant complains of were part of the context of the officer's contact with appellant and intertwined with that initial contact. As such, these extraneous offenses were admissible as an exception to Rule 404(b). Id. Therefore, the trial court did not abuse its discretion in overruling appellant's objection. Cameron, 241 S.W.3d at 19. Accordingly, we overrule appellant's first issue.

Rule 403

Appellant next contends that even if this evidence of extraneous offenses were admissible, the probative value is outweighed by the undue prejudice caused by its admission. When evaluating Rule 403 issues, we begin with the presumption that the probative value is not substantially outweighed by other factors. See Gallo v. State, 239 S.W.3d 757, 762 (Tex.Crim.App. 2007). In conducting the balancing test regarding admissibility, the trial court must balance 1) the inherent probative force of the proffered item of evidence along with 2) the proponent's need for that evidence against 3) any tendency of the evidence to suggest decision on an improper basis, 4) any tendency of the evidence to confuse or distract the jury from the main issue, 5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and 6) the likelihood that presentation of the evidence will

5

consume an inordinate amount of time or repeat evidence already admitted.  See  Casey, 215 S.W.3d at 880.

Appellant's initial complaint about the trial court's ruling under Rule 403 is that the trial court did not even conduct a balancing test.  Apparently, according to appellant, because the record does not reflect that the trial court said something on the record about a balancing test before overruling the objection, then the trial court must not have conducted such a test.  However, as the State points out, when the trial court overruled the objection it necessarily conducted the required balancing test.  See Yates v. State, 941 S.W.2d 357, 367 (Tex.App.–Waco 1997, pet. ref'd).

As to the question of the balancing test, our review of the record reveals that the evidence in issue, while only slightly probative of the offense that appellant was indicted for, was needed by the State to put the actions of the police officer in proper context for the jury.  The amount of time expended in providing this information was minimal as reflected by the fact that the objected to testimony took only two lines of testimony.  There is nothing in the record to suggest that the jury took this evidence and made a decision on an improper basis, such as emotional.  Likewise, this testimony did not confuse the jury nor distract them from the main issue.  All in all, the probative value of the evidence was not substantially outweighed by the undue prejudicial impact of the evidence.  Id.  Therefore, the trial court did not abuse its discretion by admitting the testimony of Slatten that appellant objected to.  Cameron, 241 S.W.3d at 19.  Accordingly, appellant's second issue is overruled.

6

Conclusion


Having overruled appellant's issues, the judgment of the trial court is affirmed.



Mackey K. Hancock
Justice



Do not publish