**AFFIRMED; Opinion Filed July 10, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00654-CR**

**ASHICK KATREL CROSS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 060670**

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Lang

A jury convicted Ashick Katrel Cross of aggravated robbery and assessed punishment, enhanced by a prior conviction, at life in prison. In a single issue, Cross complains of the admission of third-party extraneous offense evidence. Finding no reversible error, we affirm the trial court's judgment.

## I.    BACKGROUND

Determined to "make some money," Cross and John Humbard drove to a Sam's Club on a Friday afternoon with the intent of committing robbery. There, they found Julie Simeroth loading groceries into her car. Cross pulled up behind her in his car and asked her for directions to a nearby town. Headed in the same direction, Simeroth asked if he wanted to follow her, and Cross said yes. Instead of waiting for Simeroth to get in her car to follow her, however, Cross

got out of his car, pushed Simeroth, struck her with a gun, and stole her purse. He then fled in his car with Humbard.

Detectives were led to Humbard and Cross based upon purchases made on Simeroth's credit card at a nearby Walmart shortly after the robbery, surveillance video from the Sam's Club parking lot, and Simeroth's description of the car Cross was driving. Both Humbard and Cross were charged with aggravated robbery, but were tried separately.

## II.     THIRD-PARTY EXTRANEOUS OFFENSE EVIDENCE

Cross's sole issue stems from the admission of testimony, at the guilt phase of trial, that Humbard attempted to cash a check stolen from Simeroth within a few hours of the robbery. Cross asserts the trial court abused its discretion in admitting this testimony "under timely objection pursuant to rule 404(b) of the Texas Rules of Evidence."

### A.  Applicable Law

Evidence of extraneous crimes, wrongs, or acts is generally not admissible at the guilt phase of trial. *See* TEX. R. EVID. 404(b); *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). Extraneous offense evidence may be admissible, though, when it has relevance separate from character conformity. *See* TEX. R. EVID. 404(b); *Devoe*, 354 S.W.3d at 469. If the State intends to introduce such evidence at trial, it must, upon timely request, give the accused reasonable notice in advance of trial. *See* TEX. R. EVID. 404(b). No notice is required, however, if the evidence arises from the same transaction. *McDonald v. State*, 179 S.W.3d 571, 577 (Tex. Crim. App. 2005). Same-transaction contextual evidence is evidence of extraneous matters that are so intertwined with the State's proof of the charged crime that together "they form an indivisible criminal transaction, and full proof by testimony, . . . , of any one of them cannot be given without showing the others." *Wyatt v. State*, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000) (quoting *Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993)). Because third party acts may

reflect on the character of the accused, rule 404(b) applies to the conduct of third parties in addition to the conduct of the accused. *Castaldo v. State*, 78 S.W.3d 345, 348-49 (Tex. Crim. App. 2002).

## B. Standard of Review

A trial court's ruling on the admissibility of evidence is reviewed for abuse of discretion. *Devoe*, 354 S.W.3d at 469. No abuse of discretion will be found where the ruling falls within the zone of reasonable disagreement. *Id.* A party preserves a complaint for appellate review by specifically and timely objecting at the trial court. TEX. R. APP. P. 33.1; *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009) ("A complaint [is] not preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial.").

## C. Application of Law to Facts

The record reflects that, before the testimony of Humbard's attempt to cash Simeroth's check was elicited, the following exchange occurred at the bench:

[DEFENSE COUNSEL]: Your honor, I think we're going to go into the attempt to cash a check. I was not given notice of that extraneous offense.

[PROSECUTOR]: Same context, 404(b), it's all contained in the offense report. It's part of continuing criminal – credit card abuse. It's an indicted case. It's all contained in the report, same context.

[THE COURT]: Do you have the report?

[DEFENSE COUNSEL]: Uh-huh.

[PROSECUTOR]: I think most of the acts involve Mr. Humbard more than anything.

[THE COURT]: So what's the check cashing?

[PROSECUTOR]: They were taking Ms. Simeroth's checkbook. Ashick [sic] attempted to cash a $1,500 check in her name.

[THE COURT]: It's in the report?

[PROSECUTOR]: It's going to establish she knew it was Julie Simeroth.

–3–

| [THE COURT]: | She knew? |
| [PROSECUTOR]: | Yes, sir. |
| [THE COURT]: | I'll let it in. |

Cross asserts in his brief that his trial objection was "two fold. First, a straight forward 404(b) objection was made. Second, trial counsel objected that no proper notice was provided pursuant to the State's Notice of Intent to Introduce Extraneous Matter." With respect to his "straight forward 404(b) objection," Cross contends the State did not "sufficiently articulate a specific reason a 404(b) exception applied." With respect to notice, Cross contends that, although the State gave him two written "notice[s] of intent to introduce extraneous offenses," neither one specifically listed the check-cashing incident. Further, he contends that the police report was not "sufficient notice." The State responds that Cross "waived any substantive objection to [the] extraneous offense under 404(b)" because his only objection was to notice. Additionally, the State argues that Cross's complaint as to notice is without merit because he acknowledged receiving the offense report.

We agree with the State that Cross waived any "straight forward," "substantive" objection to the admission of testimony concerning the check-cashing incident because he did not make that objection at trial. *See* TEX. R. APP. P. 33.1. We also agree with the State that Cross's complaint as to notice is without merit because he acknowledged receiving the report which included the check-cashing incident. Although Cross argues the report was not "sufficient," he did not make that argument at trial and cannot raise it for the first time on appeal. *See id.* Similarly, although he complains the notices of intent the State provided him were not "specific," he is raising that issue for the first time on appeal. *See id.* Finally, as the State argued at trial, the check-cashing incident was same-transaction contextual evidence. *See*, *e.g.*, *Maranda v.* State, 253 S.W.3d 762, 766-67 (Tex. App.—Amarillo 2007, pet. ref'd, untimely

filed) (concluding evidence of appellant's use of inhaled intoxicant, within two hours after robbery in which he stole cleaner which could be used as inhaled intoxicant, was same transaction contextual evidence). As such, no notice was required. *See McDonald*, 179 S.W.3d at 577. We resolve Cross's sole issue against him.

### III. CONCLUSION

We affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120654F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ASHICK KATREL CROSS, Appellant

No. 05-12-00654-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial District Court, Grayson County, Texas
Trial Court Cause No. 060670.
Opinion delivered by Justice Lang. Justices Francis and Evans participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.

Judgment entered this 10th day of July, 2013.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE